UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LAURA BERGMAN,

                Plaintiff,

        -against-

KIDS BY THE BUNCH TOO, LTD.;
KIDS BY THE BUNCH, LTD;
BETH TURMAN; and JONATHAN TURMAN

                Defendants.
----------------------------------------------------------------X

Docket No.:

**VERIFIED COMPLAINT**

        Plaintiff, LAURA BERGMAN, by and through her attorney, Alan B. Pearl & Associates, P.C., as and for her complaint, allege as follows:

## INTRODUCTION

    1.    This is an action against Defendants under Title I of the Americans with Disabilities Act of 1990 ("ADA"), Sections 101 to 108 (42 U.S.C.A. Sections 12111 to 12117); and Family and Medical Leave Act of 1993, 29 U.S.C. Section 2601 et seq. ("FMLA") for its unlawful employment practices.

    2.    Laura Bergman, (hereinafter "Bergman" or "Plaintiff") a qualified individual with a disability, was unlawfully terminated by Defendants because of her disability, and was denied a reasonable accommodation.  Moreover, Plaintiff was terminated while on approved medical leave in violation of the FMLA.

    3.    Plaintiff, a salaried employee, was required to perform work while she was on medical leave.  Defendants failed to pay Plaintiff her weekly salary during the weeks she performed work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.* and New York Labor Law ("NYLL") Article 19 §§ 650, *et seq.*.  Furthermore, Plaintiff retaliated

against Plaintiff by terminating her as a result of her raising a wage and hour complaint in violation of the anti-retaliation provisions of 29 U.S.C. §215(a)(3) of the F.L.S.A. and § 215 of the New York Labor Law.

## JURISDICTION AND VENUE

4.     Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to: (a) Section 107(a) of the ADA, 42 U.S.C.A. § 12117(a), which incorporates Section 706(f)(1); (b) The Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; and (c) the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a).

5.     With respect to all state claims ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in the Eastern District because the acts and/or omissions giving rise to the claims herein alleged took place at Defendants' job sites located at 6801 Jericho Turnpike, Syosset, New York 11791 and 49 Forest Avenue, Glen Cove, New York 11542.

## ADMINISTRATIVE HISTORY

7.     Prior to filing this lawsuit, Bergman filed a charge of employment discrimination with the U.S Equal Employment Opportunity Commission (E.E.O.C.). Bergman received a Notice of Right to Sue from the EEOC dated June 4, 2014. Plaintiff has timely commenced this action within (90) days of Plaintiff's receipt of said Notice of Right to Sue.

## PARTIES

8. Plaintiff, Bergman, is a citizen of the United States and a resident of Suffolk County, New York.

9. Defendant Kids By the Bunch Too, Ltd., ("Kids By the Bunch Too") is a domestic business corporation incorporated in the State of New York with a registered corporate address at 6801 Jericho Turnpike, Syosset, New York 11791.

10. Defendant Kids By the Bunch, Ltd. ("Kids By the Bunch") is a domestic business corporation incorporated in the State of New York with a registered corporate address at 49 Forest Avenue, Glen Cove, New York 11542.

11. Upon information and belief, Defendant Jonathan Turman resides in the State of New York, County of Nassau.

12. Upon information and belief, Defendant Beth Turman resides in the State of New York, County of Nassau.

13. Upon information and belief, Kids By the Bunch Too and Kids By the Bunch are enterprises whose annual gross volume of sales made, or business done, is in excess of $500,000 each, and at all relevant times have continuously been engaged in an industry affecting commerce.

## STATEMENT OF FACTS

14. Plaintiff began her employment with Defendants as an Assistant Director on April 21, 2009.

15. On August 15, 2011 Plaintiff was promoted to the position of Co-Director with a salary of $50,000 per year. In March 2013 Plaintiff became the sole director of Kids By the Bunch Too and regularly performed work for both corporate defendants.

16. Plaintiff reported directly to Defendants Beth Turman and Jonathan Turman. Beth Turman is the Chief Executive Officer of Kids By the Bunch Too, and Jonathan Turman is the Chief Executive Officer of Kids By the Bunch.

17. Kids By the Bunch and Kids By the Bunch Too share the same management, and perform the same services. Plaintiff was a joint employee of both companies and was required to perform work for both Kids By the Bunch and Kids By the Bunch Too.

18. Plaintiff had been experiencing chronic back pain since 2005. Plaintiff's back pain affected her ability to remain in a seated position for an extended period of time, lift or carry heavy objects, or to concentrate on work tasks.

19. In April 2013 Plaintiff was informed by her doctor that she would need to undergo spinal surgery in order to correct her underlying condition. Plaintiff was further informed that without surgery her condition would worsen, and immediate attention was required.

20. In April 2013 Plaintiff notified Defendant Beth Turman that she was requesting a three month medical leave of absence beginning on July 8, 2013 and ending on October 8, 2013. Plaintiff's request for leave was granted.

21. The Defendants' employee handbook provides employees with up to twenty-six (26) weeks of unpaid medical leave.

22. Plaintiff underwent spinal surgery on July 8, 2013. For the three months following Plaintiff's surgery she was unable to walk and was generally incapacitated.

23. Plaintiff had three weeks of accrued vacation on July 8, 2013. For the first three weeks following Plaintiff's surgery she used her paid vacation time. On July 26, 2013 Plaintiff's unpaid medical leave commenced.

24. Between July 19, 2013 and September 4, 2013 Plaintiff made frequent phone calls to Defendants' offices, sent numerous text messages to the Beth Turman, and responded to numerous work related inquiries. Despite the work performed during this period, Plaintiff was not compensated after July 26, 2013.

25. On August 11, 2013 Plaintiff sent an email to Defendant Jonathan Turman informing him of Defendants failure to pay for accrued vacation time while Plaintiff was on leave.

26. On September 19, 2013 Plaintiff received an email from Defendant Jonathan Turman notifying her that she was being terminated. The stated reason Mr. Turman provided for her termination was that Plaintiff failed to remain in contact with Defendants during her medical leave.

27. The stated reason for Plaintiff's termination is pre-textual and false as Plaintiff remained in contact with Defendants throughout her medical leave. Rather, Plaintiff was terminated as a result of her disability and in retaliation for raising a wage and hour complaint.

## FIRST CLAIM FOR RELIEF

**The Americans with Disabilities Act (ADA) – Disability Discrimination and Failure to Accommodate.**

28. Plaintiff repeats and realleges the allegations the allegations contained in paragraphs 1-28.

29. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

30. By the acts and practices described above, Defendants have discriminated against Plaintiff Laura Bergman based on her disability in violation of the Americans with Disabilities Act (ADA).

31. By the acts and practices alleged above, Defendants have violated their independent duty to institute and engage in an interactive process with the Plaintiff in an attempt to find a reasonable accommodation for her. Further, Defendants failed to provide Plaintiff with a reasonable accommodation.

32. Defendants knew that their actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

33. Plaintiff is now suffering damages, including but not limited to economic loss, physical and emotional stress, pain and suffering, psychological damages, embarrassment and adverse effects upon her daily, personal and social life as a result of Defendants discriminatory conduct.

## SECOND CLAIM FOR RELIEF

### Violation of the Family and Medical Leave Act –FMLA

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-34 of the above as if fully set forth herein.

35. Plaintiff had a serious health condition as defined by the Family and Medical Leave Act and was eligible for leave under the FMLA.

36. Plaintiff was an "eligible employee" under the FMLA, 29 U.S.C. § 2601(2). Plaintiff was employed by Defendants for at least 12 months and worked at least 1,250 hours in the 12 months proceeding the time when she would have been eligible for leave. Plaintiff was hired by Defendants on or about April 21, 2009.

37. Defendants Kids By the Bunch Too and Kids By the Bunch are joint employers as defined by the FMLA, 29 U.S.C. § 2601(4); 29 CFR 825.106. Collectively Kids By the Bunch

Too and Kids By the Bunch employed 50 or more employees for each working day of twenty or more calendar workweeks in the current or preceding calendar year.

38.     Defendants never informed Plaintiff as to what her rights were under the FMLA. Defendants terminated Plaintiff while she was on protected medical leave. Defendants thereby willfully interfered with and retaliated against Plaintiff in violation of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

39.     Plaintiff is now suffering damages, including but not limited to economic loss, physical and emotional stress, pain and suffering, psychological damages, embarrassment and adverse effects upon her daily, personal and social life as a result of Defendants discriminatory conduct.

### THIRD CLAIM FOR RELIEF

**Violation of N.Y. State Human Rights Law – Disability Discrimination and Failure to Accommodate**

40.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-40 above as if set forth fully herein.

41.     By the acts and practices described above, Defendants discriminated against Plaintiff and terminated her on the basis of her disability. As a result, Plaintiff's termination was in violation of the New York State Human Rights Law §§ 296-301.

42.     By the acts and practices alleged above, Defendants have violated their independent duty to institute and engage in an interactive process with the Plaintiff in an attempt to find a reasonable accommodation for her. Further, Defendants failed to provide Plaintiff with a reasonable accommodation.

43.     Defendants knew or should have known that their actions constituted disability discrimination and/or a willful disregard of Plaintiff's statutorily protected rights.

44. Plaintiff has suffered damages, including but not limited to economic loss, physical and emotional stress, pain and suffering, psychological damage, embarrassment and adverse effects upon her daily, personal and social life as a result of Defendants' discriminatory conduct.

## FOURTH CLAIM FOR RELIEF

### Violation of the Fair Labor Standards Act

45. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 45 as if set forth fully herein.

46. At all relevant times, Plaintiff was employed by Defendants as a salaried employee.

47. Beginning July 26, 2013 until her termination on September 19, 2013 Plaintiff was on an unpaid medical leave of absence. During her leave of absence Plaintiff was expected to perform, and did so perform, work from her home, including but not limited to calling Defendants' office, drafting emails, and responding to work related inquiries.

48. Defendants did not compensate Plaintiff for the weeks she performed work in violation of the Fair Labor Standards Act.

49. In light of Defendants' unlawful failure to pay Plaintiff's weekly salary of approximately $1,000, Plaintiff seeks and is entitled to recover damages for unpaid wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, together with such other relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### Violations of the New York Labor Law § 650 *et seq.*

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 as if set forth fully herein.

51. In light of Defendants' unlawful failure to pay Plaintiff's salary for weeks she performed work, and for improper deductions taken from her salary, Plaintiff seeks and is entitled to recover her unpaid compensation, damages pursuant to NYLL § 198, attorneys' fees, costs, pre and post judgment interest, together with such other relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

**FLSA Unlawful Retaliation, 29 U.S.C. §215(a)**

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 as if set forth fully herein.

53. In light of Defendants' unlawful retaliation, Plaintiff seeks and is entitled to recover compensatory, punitive and liquidated damages.

## SEVENTH CLAIM FOR RELIEF

**New York State Retaliation Claim, NYLL Article 19 §§ 215 *et seq.***

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 as if set forth fully herein.

55. In light of Defendants' unlawful retaliation, Plaintiff seeks and is entitled to recover compensatory, punitive and liquidated damages.

**WHEREFORE**, the Plaintiff asks this Court to:

    A.    Order a trial by jury;

    B.    Enter judgment and grant relief declaring that the action of the Defendants described herein have violated Plaintiff's rights under the Americans with Disabilities Act, The Family Medical Leave Act, The Fair Labor Standards Act, The New York State Labor Law, The New York State Human Rights Law and the New York City Human Rights Law;

    C.    Enter judgment in favor of the Plaintiff and against the Defendants for damages and interest pursuant to the above laws;

    D.    Order Defendants to pay Plaintiff damages in the amount equal to the value of all back pay, front pay and the value of any benefits she would ordinarily have been entitled to including liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A), as well as pursuant to the FLSA;

    E.    Order Defendants to pay compensatory damages including damages for pain and suffering;

    F.    Enter judgment in favor of the Plaintiff and against Defendants for punitive damages pursuant to the above laws;

    G.    Award reasonable attorneys' fees, expert witness fees, and costs to the Plaintiff pursuant to the above laws; and

    H.    Grant such other relief as may be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Laura Bergman demands a trial by jury on all issues raised herein.

Dated: Syosset, New York
       August 13, 2014

ALAN B. PEARL & ASSOCIATES, P.C.

By: _____
    Alan B. Pearl
*Attorney for Plaintiff*
6800 Jericho Turnpike, Suite 218E
Syosset, New York 11791
(516) 921-6645

## VERIFICATION

I, LAURA BERGMAN, declare under penalty of perjury, that the following is true and correct:

I am the Plaintiff named herein; I have read and know the contents of the foregoing Verified Complaint; that same is true of my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: August 19, 2014

_____
LAURA BERGMAN

Sworn to before me this
19th day of August, 2014

_____
Notary Public

TRINETTE S. O'BRIEN
Notary Public, State Of New York
No. 01OB6018657
Qualified In Nassau County
Commission Expires January 19, 20 15