UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LAURA BERGMAN,

                             Plaintiff,

    -against-                                  **ORDER ADOPTING REPORT &**
                                                     **RECOMMENDATION**

KIDS BY THE BUNCH TOO, LTD., KIDS        14-CV-5005 (DRH)(SIL)
BY THE BUNCH, LTD., BETH TURMAN;
and JONATHAN TURMAN,

                             Defendants.
----------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Plaintiff Laura Bergman ("Plaintiff") commenced this employment discrimination action against Defendants Kids By the Bunch Too, Ltd., Kids By the Bunch Ltd., (together, "Corporate Defendants"), Beth Turman, and Jonathan Turman (together, "Individual Defendants" and all four collectively, "Defendants") alleging: (1) disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYHRL"); (2) failure to accommodate in violation of the ADA and NYHRL; (3) unpaid compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law, N.Y. Lab. Law § 650 et seq. ("NYLL"); (4) retaliation in violation of the FLSA, NYLL, and Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); and (5) interference in violation of the FMLA. (*See* DE 1).

      Defendants failed to answer the complaint and Plaintiff moved for a default judgment. (DE 19.) By Order dated September 29, 2015 the Court referred the motion to U.S. Magistrate Judge Steven I. Locke, pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation. On

May 10, 2016, Judge Locke issued a Report and Recommendation ("R&R") that (1) Plaintiff's motion for default judgment be granted as to liability (a) as to the Corporate Defendants for the disability discrimination and failure to accommodate claims under the ADA, and (b) as to all Defendants for the disability discrimination and failure to accommodate claims under the NYHRL, the unpaid compensation claim under the NYLL, and the retaliation and interference claims under the FMLA; (2) the motion be denied (a) as to the Individual Defendants for the disability discrimination and failure to accommodate claims under the ADA, and (b) as to all Defendants for the unpaid compensation claim under the FLSA and the retaliation claims under the FLSA and NYLL; (3) costs be awarded in the amount of $1,453.94; and (4) the motion be denied without prejudice as to Bergman's claim for damages and attorneys' fees and that she be granted leave to submit appropriate documentation. (DE 23.) A copy of the R&R was served upon Defendants on May 23, 2016. (DE 24.) More than fourteen days have elapsed since service of the R&R and no objections have been filed.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result, and thus adopts the May 10, 2016 R&R of Judge Locke as if set forth herein. Accordingly,

**IT IS HEREBY ORDERED** that (1) Plaintiff's motion for default judgment as to the Corporate Defendants for the disability discrimination and failure to accommodate claims under the ADA, and as to all Defendants for the disability discrimination and failure to accommodate claims under the NYHRL, the unpaid compensation claim under the NYLL, and the retaliation and interference claims under the FMLA is granted as to liability; (2) Plaintiff's motion as to Individual Defendants for the disability discrimination and failure to accommodate claims under

the ADA, and as to all Defendants for the unpaid compensation claim under the FLSA and retaliation claims under the FLSA and NYLL is denied; (3) costs are awarded in the amount of $1,453.94; and (4) Plaintiff's motion is denied without prejudice as to her claim for damages and attorneys' fees; and (5) Plaintiff shall submit appropriate documentation as to her claims for damages and attorney's fees within thirty (30) days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, N.Y.
September 16, 2016                                       /s/  Denis R. Hurley
                                                                        Denis R. Hurley,
                                                                        United States District Judge